UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KACY DAVIS,

               Plaintiff,                       No. 13-15228

v.                                        District Judge Gerald E. Rosen
                                        Magistrate Judge R. Steven Whalen

ALTISOURCE SOLUTIONS, ET AL.,

               Defendants.

_____/

**REPORT AND RECOMMENDATION**

On December 4, 2013, Plaintiff Kacy Davis filed a civil complaint in the Oakland County Circuit Court, alleging the breach of a contract to sell real property. The named Defendants are Altisource Solutions ("Altisource"), Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement Dated November 1, 2004 Asset Backed Pass-Through Certificates Series 2004 WHQ2 ("Wells Fargo"), and Ocwen Loan Servicing, LLC ("Ocwen").  On December 24, 2013, Defendants Wells Fargo and Ocwen removed the case to federal court. Before the Court is Defendants Ocwen and Wells Fargo's Motion to Dismiss [Doc. #2], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the Motion be GRANTED.

## I.    FACTS

In October of 2004, Eli Washington, Jr., the Plaintiff's father, obtained a mortgage loan with regard to real property located at 4715 Joslyn Road in Lake Orion, Michigan. Mr. Washington granted a mortgage to Argent Mortgage Company, LLC.  The mortgage

was assigned to Wells Fargo, which initiated foreclosure by advertisement proceedings following Mr. Washington's default. Wells Fargo purchased the property for $237,665.75 at a Sheriff's sale. The six-month statutory redemption period expired on August 5, 2013, without the property being redeemed.

The Plaintiff was an occupant of the property. After the redemption period expired, Wells Fargo filed an eviction action in the 52nd Judicial District Court of Michigan. The Plaintiff informed the court that Mr. Washington was deceased, and the court adjourned the bench trial. Following trial on September 30, 2013, the court issued a written Opinion and Order granting a judgment of possession in favor of Wells Fargo. On October 28, 2013, Plaintiff filed a Motion for Stay of Proceeding, alleging that "[o]n October 24, 2013, [she] entered into a contract with Plaintiff to purchase property. Terms are being negotiated with plaintiff through listing real estate agent, Randal Paul Newhouse." *Defendants' Exhibit E.* The court denied the Plaintiff's motion on December 2, 2013. *Defendants' Exhibit F.*

Plaintiff then filed a Claim of Appeal of the order denying stay, and also filed a motion to stay in the Oakland County Circuit Court. *Defendants' Exhibits G and H.* On December 18, 2013, the Circuit Court denied the motion to stay eviction and dismissed the appeal with prejudice. *Defendants' Exhibit I.* The Plaintiff filed a motion for reconsideration on December 20, 2013, which, according to Oakland County Circuit Court records, was denied on January 13, 2014.

Appended to Plaintiff's complaint is an alleged offer to purchase the property at issue that is signed only by the Plaintiff, not by any representative of the Defendants. Plaintiff states in her response [Doc. #9] that following the foreclosure sale, she submitted a bid for the property through Hubzu.com, and was notified that she had

submitted the "winning bid price" of $58,000.00. She states that when "Defendants refused to provide Plaintiff with a Purchase Agreement," she "submitted a signed Purchase Agreement to Defendant for the amount of $63,000.00, as a counter-offer." She concedes that the Defendants did not sign this purchase agreement.

Since the pendency of this action, the parties have engaged in several settlement discussions. On May 15, 2014, the Court conducted a telephonic status conference, at which the parties agreed to contact the Court in two weeks with an update on the status of settlement talks. A second telephonic conference was held on July 28, 2014, at which the parties indicated that they were currently negotiating a settlement agreement. On August 11, 2014, the parties informed the Court that settlement discussions were ongoing. A settlement conference was scheduled for September 18, 2014. Plaintiff appeared on that date with counsel, but proceedings were continued for another 30 days. There was a proposal on the table for Plaintiff to purchase the property, but she needed to explore the possibility of financing.

The parties appeared again for a settlement conference on November 24, 2014, and reached a conditional agreement for Wells Fargo to sell the property to the Plaintiff for an agreed-upon sum. The terms of the settlement, which were placed on the record, provided that the Plaintiff would either get a commitment for financing, or provide proof that she has the funds necessary to purchase the property at the agreed-upon price, no later than December 29, 2014, and that the closing documents, as well as the settlement documents, would be executed within 14 days after that. The Court made clear on the record that if these conditions were not met by the dates indicated, the settlement agreement would be void, and the Court would go forward to decide the pending Motion to Dismiss.

The conditions of the settlement have not been met.

-3-

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."   In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*, 556 U.S. at 676 (citing  *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555 (2007)).  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

### III.    DISCUSSION

The Defendants seek dismissal on three grounds: (1) res judicata; (2) the statute of frauds; and (3) the absence of a sales contract for the property.

### A.    Res Judicata

In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005),

the Supreme Court stated that the "Full Faith and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" (Quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)). Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

Plaintiff's case falls within the Michigan test for res judicata. First, she litigated the eviction action in Michigan's 52nd District Court and the Oakland County Circuit Court, and those cases were decided against her on the merits. Secondly, Defendant Wells Fargo was a party to the state court action. While Defendant Ocwen was not a party, it was in privity with Wells Fargo. Privity between a party and a non-party requires both a "substantial identity of interests" and a "working or functional relationship ... in which the

-5-

interests of the non-party are presented and protected by the party in the litigation."
*Phinisee v. Rogers,* 229 Mich.App. 547, 553–54, 582 N.W.2d 852 (1988), quoting *Public
Service Co. v. Osmose Wood Preserving, Inc.,* 813 P.2d 785, 787 (Colo.App.1991). "In its
broadest sense, privity has been defined as mutual or successive relationships to the same
right of property, or such an identification of interest of one person with another as to
represent the same legal right." *Sloan v. City of Madison Heights,* 425 Mich. 288,
295–96, 389 N.W.2d 418 (1986) (internal citations and quotations omitted). Ocwen was
the servicer of the mortgage loan to Mr. Washington, and its interests were aligned with
Wells Fargo in that both take the position that there was a valid Sheriff's sale and that
Wells Fargo was entitled to possession of the property. And third, the very issue at the
heart of the present case–whether Plaintiff is entitled to possession of the property by
virtue of an agreement to purchase–was raised and decided against the Plaintiff in the
state court action.

Accordingly, Plaintiff's complaint should be dismissed on the basis of res judicata.

## B.    Statute of Frauds

"Simply put...a contract for the sale of land must, to survive a challenge under the
statute of frauds, (1) be in writing and (2) be signed by the seller or someone lawfully
authorized by the seller in writing." *Zurcher v. Herveat,* 238 Mich.App 267, 277; 605
NW2d 329 (1999).[1] The purchase agreement that Plaintiff has submitted bears only her

---

[1] MCL 566.106, MSA 26.906 provides:

"No estate or interest in lands, other than leases for a term not exceeding 1
year, nor any trust or power over or concerning lands, or in any manner
relating thereto, shall hereafter be created, granted, assigned, surrendered or
declared, unless by act or operation of law, or by a deed or conveyance in
writing, subscribed by the party creating, granting, assigning, surrendering
or declaring the same, or by some person thereunto by him lawfully
authorized by writing."

-6-

signature, not that of any representative of the Defendants, and she concedes that the Defendants declined to sign a purchase agreement. Thus, the contract that Plaintiff claims was breached is void under the statute of frauds.

## C.   No Valid Contract

The Plaintiff argues that a valid contract was created by virtue of an "acceptance" of her bid on a website, Hubzu.com. That claim is without merit, for two reasons. First, the Hubzu listing, which is appended to Defendants' Motion as Exhibit L, was made on behalf of Altisource Solutions, S.A.R.L., not Defendants Wells Fargo or Ocwen. The present Defendants are not even arguably parties to the alleged contract.

Secondly, § 4.1 of the Hubzu/Altisource document states, in uppercase letters:

"NOTWITHSTANDING THE FOREGOING OR ANYTHING IN THIS AGREEMENT, THE PURCHASE AGREEMENT, OR ANY OTHER DOCUMENTATION TO THE CONTRARY, THE SELLER IS NOT OBLIGATED BY RECEIVING ANY BID, INCLUDING WITHOUT LIMITATION A WINNING BID, TO SELL THE PROPERTY TO THE BUYER OR ANY OTHER PERSON OR ENTITY UNTIL A PURCHASE AGREEMENT HAS BEEN EXECUTED BY THE SELLER AND ANY OTHER PERSONS OR ENTITIES REQUIRED BY THE PURCHASE AGREEMENT."

Plaintiff made a bid of $58,000.00, the minimum, or reserve amount. Pursuant to the above language, that did not create an enforceable contract to sell real property. Neither Altisource nor present Defendants had an obligation to sign a purchase agreement for that or any other amount. Because there is no contract, Plaintiff's claim for breach of contract must fail.

---

MCL 566.108, MSA 26.908 provides:

"Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing...."

## IV.   CONCLUSION

I therefore recommend that Defendants Wells Fargo and Ocwen's Motion to Dismiss [Doc. #2] be GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 5, 2015

-8-

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 5, 2015, electronically and/or by U.S. mail.

<u>s/Carolyn M. Ciesla</u>
Case Manager