UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KACY DAVIS,

        Plaintiff,        No. 13-cv-15228

vs.        Hon. Gerald E. Rosen

ALTISOURCE SOLUTIONS, et al.,

        Defendants.
_____/

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S
MOTION TO STAY, AND DISMISSING CASE, IN ITS ENTIRETY

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on March 31, 2015

PRESENT:   Honorable Gerald E. Rosen
                     United States District Chief Judge

This matter is presently before the Court on the Report and Recommendation of United States Magistrate Judge R. Steven Whalen recommending that the Court grant the Motion to Dismiss filed by Defendants Ocwen Loan Servicing, LLC and Wells Fargo Bank, N.A. Plaintiff timely filed objections (captioned as a "Response") to the R&R. Along with her objections, Plaintiff also filed her fourth "Motion to Stay" adjudication of this matter.[1] The Court has had the opportunity to review the Magistrate Judge's Report

---

[1] Plaintiff filed two motions to stay in the state courts, and an earlier motion to stay in this case which she filed along with her May 5, 2014 response to the Court's

1

<pre>
</pre>

and Recommendation, Plaintiff's Objections, her Motion to Stay, and the entire record of this matter and concurs in the determination and recommendations made by the Magistrate Judge.  Therefore,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation of March 5, 2015 **[Dkt. # 26]** is ADOPTED by the Court.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay **[Dkt. # 27]** is DENIED.  Plaintiff has had nearly two years to reach an agreement with Defendants to purchase the foreclosed property.  In fact, over the course of the proceedings in this Court, in four separate status conferences, the parties informed the Magistrate Judge that the were engaged in negotiating an agreement for the sale of the property to Plaintiff until finally at the end of the year 2014, the MJ made clear to Plaintiff, on the record, that if Plaintiff did not have a commitment for financing or provide proof that she has the funds necessary to purchase the property at the agreed-upon price **no later than December 29, 2014** the Court would go forward with the Motion to Dismiss, *which has been pending since December 13, 2013*.  As indicated in the Magistrate Judge's R&R, the conditions for Wells Fargo's sale of the property to Plaintiff were not met.  Plaintiff's most recent Motion for Stay is predicated upon what she presents as a counter-offer to purchase the property for the sum of $65,000 (which is apparently less than the price the parties agreed-upon in December 2014).  Though Plaintiff claims this counter-offer is for a cash

---

Order to Show Cause why this case should not be dismissed as to Defendant Altisource Solutions.

purchase not contingent upon her obtaining financing, her "Proof of Funds" does not support that assertion. The evidence appended to Plaintiff's Objections is a "To Whom It May Concern" letter from Tailwind Funding, LLC dated March 17, 2015 -- i.e., three and a half months after the deadline set by the Magistrate Judge for Plaintiff to meet the conditions of the conditional agreement with Wells Fargo -- stating that Tailwind "is willing to provide funding" in an amount up to $65,000, but Tailwind further states in that letter that "funding is subject to its complete review of the transaction" and that it "reserves the right to amend or add any requirement or loan conditions as it chooses in its sole discretion." In any event, there is no indication, whatsoever, in Plaintiff's Objections that she has made any effort since December 2014 to continue negotiations with Defendants to purchase the property for the sum of $65,000. Therefore, the Court finds insufficient good cause to grant any further stay of proceedings.

Accordingly,

IT IS FURTHER ORDERED that Defendant Ocwen's and Wells Fargo's Motion to Dismiss **[Dkt. # 2]** is GRANTED. Accordingly, all claims against these Defendants are hereby DISMISSED, with prejudice.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 4(m), Plaintiff's claims against Defendant Altisource Solutions are DISMISSED, without prejudice, due to Plaintiff's failure to prosecute.

IT IS FURTHER ORDERED that Plaintiff's October 15, 2014 Motion for

Withdrawal for attorney Anne Marie Blake **[Dkt. # 20]** is DENIED as MOOT.[2]

                                                      s/Gerald E. Rosen
                                                     Chief Judge, United States District Court

Dated: March 31, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2015, by electronic and/or ordinary mail.

                                                       s/Julie Owens
                                                     Case Manager, (313) 234-5135

---

[2] Although Ms. Blake appeared with Plaintiff for September 18, 2014 Settlement Conference with the Magistrate Judge and filled out an Appearance of Counsel form on that date, she is not admitted to practice before this Court. According to Plaintiff, Ms. Blake appeared with her one time, at the September 18 conference, for free and no retainer agreement was ever executed. Further, there is nothing of record indicating that Ms. Blake appeared at any further proceedings in this matter.